UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| RAMAN KALYANARAMAN, | ) SA CV 05-917-SH |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) AND ORDER |
| v. | ) |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision of the Commissioner of the Social Security Administration denying plaintiff's application for Disability Insurance Benefits under Sections 216(I) and 223 of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified

1

transcript of record, and the parties have filed a Joint Stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

On February 26, 2003, plaintiff Raman Kalyanaraman filed an application for Disability Insurance Benefits. Administrative Record ("AR") 52-54. After denials upon an initial review and also reconsideration, an Administrative Law Judge ("ALJ") heard the matter on September 28, 2004. AR 371. In a decision dated March 19, 2005, the ALJ denied benefits to plaintiff. AR 19-23. The Appeals Council declined to review the ALJ's decision. AR 4-7.

The ALJ rejected treating physician Dr. Deshmukh's conclusion that plaintiff's asthmatic condition was an impairment preventing him from work. In an August 5, 2004 letter, Dr. Deshmukh opined the plaintiff could not work full-time in a normal competitive setting. AR 366. However, as the ALJ stated, this "conclusion is rejected as unsupported by Dr. Deshmukh's assessment and the weight of the medical evidence," and it also "conflicts with his January 2004 assessment in which he found the [plaintiff] capable of performing light work." AR 21. Dr. Deshmukh's conclusion was further rejected by the ALJ because it was "not supported by the pulmonary examinations, pulmonary function tests, and the weight of the medical evidence." AR 21. Plaintiff asserts that the ALJ improperly rejected the medical findings of both Dr. Deshmukh, the treating physician, and Dr. Nassir, a consulting doctor.

A treating physician's opinion is entitled to greater weight than that of an examining physician. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). However, the probative value of the treating physician's opinion depends on medical data and evidence in the records. See 20 C.F.R. §§ 404.1527, 416.927 (2004). Furthermore, the opinion of the treating physician may be rejected only when the ALJ gives specific reasons for doing so based upon the substantial evidence in the record. Morgan v. Apfel, 169 F.3d 595 (9th Cir. 1999). The Court finds that the ALJ properly rejected the treating physician's suggested conclusion that plaintiff's condition precluded him from working.

Plaintiff contends that Dr. Deshmukh's assessment has remained consistent. In the January 2004 evaluation (AR 313-19), Dr. Deshmukh indicated that plaintiff can sit for only 2 hours and stand less than 0-1 in an eight hour day, and lift occasionally 5-10 lbs. and carry occasionally 10-20 lbs, all under normal competitive five day a week work conditions. See AR 316.  However, in an August 5, 2004 letter, Dr. Deshmukh opined that plaintiff cannot work 8 hours a day, 5 days a week in a normal competitive setting. AR 366. Assuming the latter opinion indicates that plaintiff was precluded from sedentary work, the pulmonary examinations and pulmonary function tests also evaluated and relied upon by Dr. Lockey, Dr. Yang and Dr. Lee indicate otherwise.

When non-treating physicians' opinions are based on independent clinical findings, they may constitute substantial evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Dr. Lockey examined Plaintiff on October 19, 2000, which included a pulmonary function test given that same day. AR 279. In his January 26, 2001 evaluation of Plaintiff, Dr. Lockey noted that Plaintiff had mild airway obstruction with a significant response following bronchodilators used in the pulmonary function test. AR 286.  Dr. Lockey's final impression was that plaintiff had isocyanate-induced occupational asthma. AR 287. The medical record is replete with indication that plaintiff's condition was caused by his previous work exposure to isocyanate.

Dr. Lee evaluated and examined Plaintiff on June 4, 2003. AR 300. Dr. Lee noted that the Plaintiff had been diagnosed with severe occupational bronchial asthma requiring multiple bronchodilators. AR 303.  Based upon Dr. Lee's observations, he concluded that the Plaintiff would be able to carry 20 lbs. occasionally and 10 lbs frequently, and also stand, sit, and walk for up to 6 hours in an 8-hour workday. AR 303.

Dr. Yang who appears to have been a treating doctor for a short period of time, opined in December, 2003 that Plaintiff's asthma was "mild and stable," and that a November, 2003 pulmonary function test showed only a "mild degree of obstructive lung

disease." AR 364-5, 321.  He also found that the Plaintiff remained stable on multiple medications as August, 2004. AR 163.

Dr. Deshmukh's relied-upon pulmonary function test of November 2003, showed slight improvement following bronchodilator treatment, concluding a "mild degree of obstructive lung disease." AR 321. Although Dr. Deshmukh's August 5, 2004 letter indicated a more severe condition, this report is consistent with Dr. Lockey's evaluation that plaintiff has "mild airway obstruction" with significant response following bronchodilators. AR 286. Dr. Deshmukh's own answers to the Pulmonary Questionnaire mention a need for plaintiff to avoid various irritants. AR 318-19.  Dr. Deshmukh's August 5, 2004 letter also mentions that plaintiff has "exacerbations off and on" and that his asthma is "worsened by exercise, infection or exposure to any irritants like smoke due to brush fires or exhaust fumes."  AR 366.  The ALJ's finding that plaintiff has the residual functional capacity to perform light work, particularly when avoiding irritants that exacerbate his asthma, is not inconsistent with this portion of Dr. Deshmukh's opinion.

In addition, a residual functional capacity assessment in July 2003 opined that Plaintiff could perform light work. AR 294. There is also mention of Plaintiff's use of poor effort in the test itself.  AR 293. Thus.  to the extent that Dr. Deshmukh's opinion suggests plaintiff cannot perform even light work, the medical record, specifically the pulmonary evaluations and pulmonary function tests as relied upon by Dr. Lockey, Dr. Yang and Dr. Lee, support the ALJ's findings.

Pulmonary exams indicate that plaintiff improved with the use of brochodilators. See AR 286, 289. As previously noted, even the pulmonary exam relied upon by Dr. Deshmukh indicates mild obstructions. Dr. Deshmukh's conclusion that plaintiff cannot work in a normal competitive setting suggests total disability, the ALJ's finding to the contrary is proper and supported by substantial evidence.  The ALJ could reasonably rely upon Dr. Lockey's, Dr. Yang's and  Dr. Lee's findings.

The ALJ also properly rejected Dr. Nassir's conclusion that plaintiff is unable to perform work on a sustained regular basis.  The ALJ pointed to the pulmonary evaluations and tests, as discussed above, to evaluate the severity of plaintiff's condition. As such, the ALJ found that the record supports a finding of mild obstructions that could be somewhat controlled through medication and bronchodilators. Furthermore, Dr. Nassir's opinion does not seem to point to any pulmonary evaluation or test other than a generic "refer to medical records" under the diagnostic examination heading.  See AR 347.

Since the ALJ properly found that the overall pulmonary evaluations and pulmonary function tests did not support a conclusion of disability, and because the ALJ specifically identified the medical reports on which he relied, the ALJ articulated specific reasons for rejecting Dr. Deshmukh's and Dr. Nassir's opinions.  Thus, there was no error.

## **ORDER**

For the foregoing reasons, the decision of the Commissioner is affirmed, and the Complaint is dismissed.

DATED:  October 25, 2006

/s/
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE